1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

                Plaintiff,

   v.

STEPHEN SINCLAIR, et al.,

                Defendants.

CASE NO. C19-1583-RSM-BAT

**REPORT AND
RECOMMENDATION**

      Plaintiff James Anthony Williams, a Washington State prisoner who is currently confined at the Monroe Correctional Complex (MCC), has submitted to this court for filing an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint. Dkt. 1. The Court, having reviewed plaintiff's complaint, his IFP application, and other relevant court records, recommends that plaintiff's IFP application should be denied as plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding with this action without prepayment of the filing fee.

**DISCUSSION**

      Plaintiff alleges that defendants, who are various Washington Department of Corrections and MCC officials, are violating his 8th Amendment rights by either forcing or allowing him to live in cells contaminated with feces and by illegally holding him in solitary confinement. Complaint at 4, 18. He alleges that his long-term placement in solitary confinement has caused

REPORT AND RECOMMENDATION - 1

him to develop "SHU syndrome" and that this syndrome causes him to smear his cell walls with feces and place feces in the air conditioning units in his cells. *Id.* at 5. He alleges that he has been doing this for the last four months, that this is not a volitional act, and that he would stop if he were released from solitary confinement. *Id.* He alleges that although he has not yet suffered physical injury from being placed in contaminated cells, he is in imminent danger of a potentially crippling or deadly injury in light of a past infection he has suffered and infectious disease incidents at local hospitals. *Id.* He seeks injunctive and monetary relief. *Id.* at 20.

Under § 1915(g), a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim may not bring any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records reflects that at least three of the cases plaintiff has filed while incarcerated were dismissed as frivolous or for failure to state a claim:

- *Williams v. Portine*, Case No. C11-1214-JCC (W.D. Wash.).

- *Williams v. Neely*, Case. No. C15-489-BJR (W.D. Wash.).

- *Williams v. Collins*, Case No. C15-735-MJP (W.D. Wash.).

This court and the Eastern District of Washington have previously determined that these and other cases are strikes for purposes of § 1915(g) and denied plaintiff IFP status as a three-strikes litigant:

- *Williams v. Sinclair*, Case No. C19-5185-RBL (W.D. Wash).

- *Williams v. Sinclair*, Case No. C19-345-JCC (W.D. Wash.).

- *Williams v. Holbrook*, Case No. C16-5068-SAB (E.D. Wash).

REPORT AND RECOMMENDATION - 2

1    Because plaintiff has accumulated at least three strikes, he may not proceed with this

2    action without prepayment of the full filing fee unless he shows that he was "under imminent

3    danger of serious physical injury" at the time he signed his civil rights complaint. *See* 28 U.S.C.

4    § 1915(g). The imminent danger exception requires a prisoner to allege a danger which is "ready

5    to take place or 'hanging threateningly over one's head.'" *Andrews v. Cervantes*, 493 F.3d 1047,

6    1056 (9th Cir. 2007).

7    Plaintiff alleges that he is in imminent danger of a crippling or deadly injury from

8    exposure to feces. Complaint at 5. He alleges that prison staff pressure-wash his cell when he

9    spreads feces on the walls, but they do not remove feces from inside the air conditioning vents.

10    Complaint at 8-10. However, he states that he has been putting feces in the air conditioning vents

11    in his cells for four months but has not yet suffered physical injury or illness due to exposure to

12    feces. *Id.* at 5. Plaintiff states that he has suffered an infection in the past and refers to

13    Legionnaires' disease and mold infections—both unrelated to fecal exposure—at local hospitals.

14    *Id.* But his past infection and unrelated infectious diseases at other institutions do not

15    demonstrate that he is in imminent danger of serious physical injury from fecal exposure.

16    Plaintiff's claims of imminent danger are speculative at best and therefore insufficient to satisfy

17    the imminent danger exception to § 1915(g).

18    As plaintiff has not made a credible showing that his claims satisfy the imminent danger

19    exception, the Court finds that plaintiff is ineligible to file this lawsuit in federal court without

20    paying $400.00 ($350.00 filing fee plus $50.00 administrative fee). Accordingly, the Court

21    recommends that plaintiff's IFP application be denied under 28 U.S.C.§ 1915(g). The Court

22    further recommends that plaintiff be directed to pay the filing fee within 30 days of the date this

23

Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Plaintiff may, however, file objections to this Report and Recommendation. Any objections to this Report and Recommendation must be filed no later than **October 29, 2019**. The Clerk should note the matter as ready for the District Judge's consideration on that date. Objections shall not exceed 3 pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 8th day of October, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4